UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUDITH MANDIBERG,

               Plaintiff,

  -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION, REGION 7 of THE NEW
YORK CITY DEPARTMENT OF
EDUCATION, IRIS D. BAUM, in her Official
capacity as Principal of Intermediate School
259K, and ROCCO ROMEO, in his Official
capacity as Administrative Assistant Principal of
Intermediate School 259K,

               Defendants.
------------------------------------------------------------X

Index No.: 05 CV 931

COMPLAINT

JURY TRIAL
DEMANDED

JUDGE BAER

      Plaintiff, JUDITH MANDIBERG, by and through her attorneys, SPAR & BERNSTEIN, P.C., complain of Defendants, THE NEW YORK CITY DEPARTMENT OF EDUCATION, REGION 7 of THE NEW YORK CITY DEPARTMENT OF EDUCATION, IRIS D. BAUM, and ROCCO ROMEO as follows:

### NATURE OF THE ACTION

    1.    This action is brought to challenge Defendants' discriminatory conduct towards plaintiff on the basis of her age, and in retaliation for having complained about age discrimination, affecting the terms, conditions and privileges of her employment, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (hereinafter referred to as "ADEA") and Title VII of the Civil Rights Act of 1964, as amended (hereinafter referred to as "Title VII").

1

2. Plaintiff seeks injunctive and equitable relief, back pay, front pay, compensatory damages, and attorneys' fees as a result of Defendants' conduct.

## JURISDICTION AND VENUE

3. This Court possesses subject matter jurisdiction over Plaintiff's claims arising under the United States Constitution and federal law, pursuant to 28 U.S.C. § 1331.

4. Prior to filing this Complaint, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 8, 2004, alleging violations of age discrimination and retaliation.

5. Plaintiff has exhausted her administrative remedies, as required by the ADEA, in that she received a letter from the EEOC, dated October 29, 2004, stating that the EEOC was "closing" her charge and further stating that, "therefore, your lawsuit under the ADEA must be filed in federal or state court within 90 days of your receipt of this Notice." A copy of this letter is attached hereto as Exhibit "A."

6. Venue is proper in this Court because the Department of Education's principal place of business is located at 52 Chambers Street, New York, New York 10007, within the Southern District of New York.

## PARTIES

7. Plaintiff, Judith Mandiberg ("Plaintiff" or "Mandiberg"), is a fifty-five (55) year old woman residing in Kings County, New York. Ms. Mandiberg had been teaching for the New York City Department of Education, formerly known as the New York City Board of Education, for approximately thirty-four (34) years. During her

teaching career, Ms. Mandiberg was employed in this capacity at Intermediate School 259K, which is a Region 7 school, under the supervision of Former Superintendent Vincent Grippo, Principal Iris D. Baum, and Administrative Assistant Principal Rocco Romeo.

8. Defendant, The New York City Department of Education ("NYCDOE"), was Plaintiff's employer at all times referenced herein. The New York City Department of Education has a principal place of business located at 52 Chambers Street, New York, New York 10007.

9. Defendant, Region 7, formerly District 20, was the specific district of the New York City Department of Education where all of the events alleged herein occurred. Region 7 of The New York City Department of Education has a principal place of business located at 715 Ocean Terrace, Staten Island, New York 10301.

10. Iris D. Baum, (hereinafter referred to as "Baum") was at all times referenced herein, appointed by Former Superintendent Vincent Grippo as the Principal of Intermediate School 259K, one of the intermediate schools located within Region 7. In this capacity, Principal Baum held responsibility for overseeing the work performance of the staff and administration of Intermediate School 259K and for carrying out the policies and procedures of Former Superintendent Vincent Grippo.

11. Rocco Romeo, (hereinafter referred to as "Romeo") was at all times referenced herein, appointed by Former Superintendent Vincent Grippo as the Assistant Principal of Intermediate School 259K, one of the intermediate schools located within Region 7. In this capacity, Assistant Principal Romeo held responsibility for assisting

and overseeing the work performance of the staff and administration of Intermediate School 259K and for carrying out the policies and procedures of Former Superintendent Vincent Grippo.

## EVIDENCE OF HISTORY OF DISCRIMINATORY ANIMUS BY DEFENDANTS ON THE BASIS OF AGE

12. Principal Baum carried out a pattern of discriminatory treatment from his arrival as Principal of I.S. 259 in September 1997 until he left in August 2004 towards similarly situated teachers in I.S. 259 who were also over 40 years old by repeatedly asking the older teachers such as Margaret Colomé, Ronnie Saltzberg and Bonnie Winokur when they were going to retire. Ms. Baum's secretary, Mary Dilauro, also insinuated that Ms. Mandiberg should retire when she went to complain about the way that Ms. Baum was treating her. Baum immediately turned to another secretary, Gloria Dino-Guida, and stated, "Where is that paper that you had of people that retired or are going to retire?" When she continued talking to Ms. Mandiberg, it seemed very clear that Baum was insinuating that she should retire.

13. In June 2003, Ms. Mandiberg received her first and only Unsatisfactory rating. At the end of May 2003, Howard Segan, who had been hired in approximately 2003 by Former Superintendent Vincent Grippo to help implement the "Aussie" Balanced Literacy Program in I.S. 259, turned to Ms. Mandiberg (while she was conversing with a young teacher, Constantine Vannikos, Ms. Mandiberg was mentoring), and said: "Why don't you see the writing on the wall? Trade the U for a transfer to another school." Segan repeatedly told Mandiberg throughout the 2003-2004 school year that she and "the other ones," which upon information and belief were the senior

teachers, were "angry," "dinosaurs," and "deadwood" and that they should "just retire" already.

14. Ms. Mandiberg complained to Mrs. Russo, Assistant Principal and Supervisor of the English Department, on more than one occasion about Mr. Segan's exclusion of senior teachers including her from the Aussie program training, his flirting with several young teachers, and predominantly about his frequent derogatory remarks about the senior teachers, but her complaint, upon information and belief, was never investigated. Mrs. Russo told Ms. Mandiberg that she had "heard other such complaints" before and that she "would take care of it." However, Mr. Segan later continued making unprofessional and demeaning remarks about senior teachers and upon information and belief, received no reprimand for doing so.

15. Ms. Mandiberg observed that the majority of the teachers that have left her school from approximately June 2001 through June 2003 were above 40 years of age.

16. Numerous times between September 1997 and June 2003, Ms. Mandiberg heard Union Representative, James Kenna, give monthly reports as to former Superintendent Vincent Grippo's instructions "to break a senior staff." Upon information and belief, approximately 35 older teachers have left I.S. 259 since Ms. Baum became Principal, "to break a senior staff;" including, but not limited to, Richard Paris, Richard McLaughlin, Joan and James Kenna, Jeanette Gasparino, Joseph Vitacco, Mary Kuczyk, Penny Colome, Thomas Norstrand, Paulette Hughes, Ellen Jaffee, Margaret Baranello, Francis Narra, Kenneth Feld, Marguerite Merhige and Ronnie Saltsberg.

## PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS

17. Judith Mandiberg was a teacher at I.S. 259 in Brooklyn for 34 years. She has a Master's degree in Secondary School Education as well as a Master's degree in Supervision and Administration. Ms. Mandiberg has two New York City teaching licenses: one in Junior High School English and one in Social Studies; two administrative licenses: Principal's License for Elementary and Junior High School, and an Assistant Principal's License for both Elementary and Junior High School; a New York State Certificate as a School Administrator and a New York State Certificate for Teacher of Social Studies, grades 7-12; and was a certified mentor to new teachers in her district. She has served as a full-time mentor under a New York State grant as well.

18. Ms. Mandiberg taught for the New York City Department of Education for approximately thirty-four years. During that time, she was frequently recognized for her excellent teaching, and has received numerous awards and grants. Ms. Mandiberg has twice received the WHO'S WHO AMONG AMERICA'S TEACHERS award; has received two nominations for the prestigious DISNEY AWARD FOR OUTSTANDING TEACHING; and wrote a letter about the school's outstanding achievements, which earned a visit from former Mayor Giuliani's wife, Donna Hanover, who presented the school with a "Cool School" Award during the ceremony. Amongst her accomplishments, Ms. Mandiberg received the 1998 Borough President's Award for EXCELLENCE IN EDUCATION; her students were recognized for their writing achievements with city, state and national awards; and one of her student's writing was

published in a book about 9/11, compiled by Governor Pataki's wife, whereby Mrs. Pataki visited the school to celebrate this achievement.

19. Ms. Mandiberg applied to the eighth grade program in I.S. 259 in which she had seniority and was fully qualified. She did not receive the position. Ms. Mandiberg believes that Ms. Baum did not assign her to the eighth grade program that she had requested in her school because of her age. Reneé Abraham, a young teacher in her mid-twenties with only two years of teaching experience, received this position instead.

20. Furthermore, after Ms. Mandiberg spoke to Mrs. Russo numerous times to bring the disparate treatment to her attention, Ms. Baum's attitude and treatment of her worsened. Ms. Mandiberg believes that these actions were taken in direct retaliation for filing her grievances as well as voicing and writing legitimate complaints. Ms. Mandiberg complained numerous times between the period of 2002 and 2004 of Ms. Baum's age discrimination toward her. Ms. Baum has loudly scolded her on numerous times both in front of staff and students while she was on the phone in the main office and has condescendingly reprimanded her in front of supervisors, colleagues, the school psychologist and a student. Ms. Baum loudly criticized and challenged Ms. Mandiberg on numerous times in front of her class and school visitors and ignored her while she introduced these visitors to the younger teachers instead. Ms. Baum also scolded and criticized another older teacher, Ronnie Saltsberg, numerous times in front of others.

### FIRST CLAIM FOR RELIEF
### UNLAWFUL AGE DISCRIMINATION
### UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

21.  Plaintiff repeats and realleges paragraphs 1-20 as if fully set forth herein.

22.  By the acts and practices described above, Defendants have discriminated against plaintiff because of her age, in violation of the ADEA.

23.  Defendants knew that their actions constituted unlawful discrimination on the basis of age and/or showed reckless disregard for Plaintiff's statutorily protected rights.

24.  Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendants' discriminatory conduct, and will continue to do so unless and until this Court grants relief.

### SECOND CLAIM FOR RELIEF
### TITLE VII RETALIATION
### UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

25.  Plaintiff repeats and realleges paragraphs 1-24 as if fully set forth herein.

26.  By the acts and practices described above, Defendants have discriminated against plaintiff because of her age, in violation of the Human Rights Law.

27.  Defendants knew that their actions constituted unlawful discrimination on the basis of age and/or showed reckless disregard for Plaintiff's statutorily protected rights.

28.  Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendants' discriminatory conduct, and will continue to do so unless and until this Court grants relief.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that the acts and practices complained of herein are in violation of the ADEA and Title VII;

b. enjoining and permanently restraining these violations of the ADEA and Title VII;

c. directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d. directing Defendants to make Plaintiff whole, as she would be but for Defendants' unlawful conduct and making her whole for all earnings she would have received but for Defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

e. directing Defendants to pay Plaintiff an additional amount as compensatory damages, including but not limited to, her pain and suffering;

f. awarding Plaintiff such interest as is allowed by law;

g. awarding Plaintiff her reasonable attorneys' fees and costs; and

  h.  granting such other and further relief as this Court deems necessary

    and proper.

Dated: New York, New York
   January 27, 2005

                Respectfully submitted,

               By: _____
                Kira Repetto-Cruz, Esq. (KR4107)
                SPAR & BERNSTEIN, P.C.
                Attorneys for Plaintiff
                225 Broadway, Suite 512
                New York, New York 10007
                (212) 227-3636

Case 1:05-cv-00931-HB   Document 1   Filed 01/27/05   Page 11 of 12

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Judith Mandiberg<br>2619 Avenue W<br>Brooklyn, NY 11229 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-01481 | Ricardo E. Jones, Investigator | (212) 336-3778 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   10/29/04
Spencer H. Lewis, JR,                (Date Mailed)
Director

Enclosure(s)

cc: **NYC DEPARTMENT OF EDUCATION**
Office Of Legal Services
52 Chambers Street, Room 308
New York, NY 10007