USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-9-05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JUDITH MANDIBERG,

                            Plaintiff,

    -against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION, REGION 7 of THE NEW YORK CITY DEPARTMENT OF EDUCATION, IRIS D. BAUM, in her Official Capacity as Principal of Public School 259K, and ROCCO ROMEO, in his Official Capacity as Administrative PRINCIPAL of Intermediate School 259K,

                            Defendants.

------------------------------------------------------------------ X

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

05CV00931(HB)

        **WHEREAS,** plaintiff JUDITH MANDIBERG commenced an action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, on or about January 27, 2005, alleging claims of discrimination; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-captioned action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

        2.    On behalf of defendant New York City Board of Education (being sued herein as and also known as "the New York City Department of Education"), the City of New

York hereby agrees to pay plaintiff, Judith Mandiberg, the sum of Four Thousand Five Hundred Dollars ($4,500.00) in full satisfaction of all claims that were or could have been raised in the above-captioned action, including all claims for costs, expenses and attorney fees.

3. In consideration for the payment of the aforementioned sum by the City of New York described in paragraph "2" above, plaintiff agrees to the dismissal with prejudice of any and all rights of actions or claims against the defendants and to release and discharge defendants New York City Board of Education (being sued herein as and also known as "the New York City Department of Education"), Region 7 of the New York City Department of Education, Iris D. Baum and Rocco Romeo, their successors or assigns and all present or former officials, employees representatives or agents of the New York City Board of Education (also known as the "New York City Department of Education"), from any and all liability, claims, or rights of action which plaintiff may have resulting from anything which has happened up to now whether known or unknown including, but not limited to, any and all liability, claims or rights of action which were or could have been alleged in this action, including all claims for costs, expenses and attorney fees.

4. In further consideration for the payment of the sum specified in paragraph "2" above, plaintiff, having retired from her teaching position with the New York City Board of Education effective September 9, 2004, agrees to refrain from seeking or obtaining reemployment with or for the New York City Board of Education (also known as the "New York City Department of Education") in any school or capacity, including, but not limited to, reemployment as a teacher, a supervisor or a consultant.

5. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, an affidavit concerning liens and a release based on the terms of paragraphs "2," "3" and "4" above.

6. Nothing contained herein shall be deemed to be an admission by the defendants, the New York City Board of Education (being sued herein as and also known as "the New York City Department of Education"), Region 7 of the New York City Department of Education, Iris D. Baum and Rocco Romeo, that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, the New York City Board of Education or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York or the New York City Board of Education. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the New York City Board of Education or of the City of New York.

8.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         September 21, 2005

| | |
|---|---|
| Sanders, Grossman, Fass & Muhlstock, P.C.<br>Attorneys for Plaintiff<br>150 Herricks Road<br>Mineola, New York 11501<br>(212) 227-3636<br><br>OCT. 28, 2005<br>By: _____<br>Todd Muhlstock, Esq. (TM 2870)<br><br>SO ORDERED:<br>_____<br>U.S.D.J. | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-111<br>New York, N.Y. 10007<br>(212) 788-0960<br><br>By: _____<br>Ali Ayazi (AA 7742)<br>Assistant Corporation Counsel |